UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE WARD,<br><br>        Plaintiff,<br><br> - against -<br><br>CONSEQUENCE HOLDINGS, LLC and ALEXANDER YOUNG,<br><br>        Defendant. | Docket No. 1:19-cv-6050<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jesse Ward ("Ward" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Consequence Holdings, LLC ("Consequence Holdings") and Alexander Young ("Young" and together with Consequence "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of rapper Bobby Shmurda in court, owned and registered by Ward, a professional photographer. Accordingly, Ward seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendant resides in and/or transacts business in Illinois.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ward is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 3255 Shore Parkway, #3H, Brooklyn, NY 11235.

6. Upon information and belief, Consequence Holdings is a domestic limited liability company duly organized and existing under the laws of the State of Illinois, with a place of business at 4609 N. Wolcott Ave., Chicago, IL 60640. Upon information and belief Consequence Holdings is registered with the Illinois Department of State Division of Corporations to do business in the State of Illinois. At all times material, hereto, Consequence Holdings has owned and operated a website at the URL: https://consequenceofsound.net (the "Website").

7. Upon information and belief, Alexander Young is an individual residing at 4609 N. Wolcott Ave., Chicago, IL 60640. At all times material hereto, Young has owned and operated a website at the URL: https://consequenceofsound.net (the "Website")

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

8. Ward photographed rapper Bobby Shmurda in court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Ward then licensed the Photograph to the New York Daily News. On February 24, 2015 the New York Daily news ran an article that featured the Photograph titled *Rapper Bobby Shmurda's Brooklyn gun possession charge officially becomes part of conspiracy case.* See URL http://www.nydailynews.com/new-york/nyc-crime/bobby-shmurda-brooklyn-gun-case-moved-manhattan-article-1.2127605. Ward's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

10. Ward is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-079-495 "Ward_Ackquille Pollard, better known as rapper Bobby Shmurda_2.24.15". See Exhibit C.

**B. Defendant's Infringing Activities**

12. Defendants ran an article on the Website titled *Bobby Shmurda accepts plea deal, will serve years in prison Brooklyn rapper pleads guilty to weapons charges relating to a murder conspiracy case.* See URL https://consequenceofsound.net/2016/09/bobby-shmurda-accepts-plea-deal-will-serve-years-in-prison/. The article featured the Photograph. A true and correct copy of the article and a screenshot of the Photograph on the article are attached hereto as Exhibit D.

13. Defendants did not license the Photograph from Plaintiff for its article, nor did Defendants have Plaintiff's permission or consent to publish the Photograph on its Website.

14. Ward first discovered the use of the Photograph on the Website in August 2018.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**

**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Defendants are not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendants copied the Photograph from the New York Daily News which contained a gutter credit underneath the Photograph stating, "Jesse Ward" and placed it on its Website without the gutter credit.

22. Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Defendants violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Consequence Holdings as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants pursuant to 17 U.S.C. § 1203(c);

5. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 9, 2019

        LIEBOWITZ LAW FIRM, PLLC

        By: /s/Richard Liebowitz
        Richard P. Liebowitz, Esq.
        11 Sunrise Plaza, Suite 305
        Valley Stream, New York 11580
        Tel: (516) 233-1660
        RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Jesse Ward*